IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

CMB EXPORT, LLC, and CMB SUMMIT, )
LLC d/b/a CMB REGIONAL CENTERS,   )
                                  )
            Plaintiffs,           )
                                  )
v.                                )          No. 4:13-cv-04051-SLD-JEH
                                  )
KIMBERLY ATTEBERRY,               )
CHRISTOPHER ATTEBERRY, and        )
VERMILION CONSULTING, LLC,        )
                                  )
            Defendants.           )

**ORDER**

Plaintiffs CMB Export, LLC, and CMB Summit, LLC, d/b/a/ CMB Regional Centers

(collectively "CMB") are suing Defendants Kimberly Atteberry, Christopher Atteberry, and

Vermilion Consulting, LLC ("Vermilion"), for alleged violations of the Computer Fraud and

Abuse Act, 18 U.S.C. § 1030, and the Illinois Trade Secrets Act, 765 ILCS 1065, tortious

interference with prospective economic advantage, civil conspiracy, and breach of fiduciary

duty.  Defendants move to stay these proceedings due to a parallel criminal investigation.  Mot.

Stay, ECF No. 25.  As explained below, a stay is not appropriate in this case.  The Court

therefore DENIES Defendants' Motion to Stay Proceedings, ECF No. 25.  At this time, the Court

also enforces its Order denying Defendants' Motion to Seal and directs the Clerk to unseal ECF

Nos. 14, 15, 19, and 20.  Defendants' sealed Motion to Stay, ECF No. 23, and Plaintiffs' Motion

to Strike or Consolidate, ECF No. 26, are MOOT.

1

## BACKGROUND

CMB operates "Regional Centers" under the federal EB-5 Visa Program.  Compl. ¶ 8–9, ECF No. 1.  This program allows foreign nationals to secure permanent residency status in the United States by investing in various development projects here.  *Id.* ¶ 7–9.  CMB alleges that it collects and maintains "highly confidential personal information on potential investors, including highly sensitive financial data, highly confidential and privileged attorney-client information, [and] highly confidential and proprietary investment project information."  *Id.* ¶ 10.  CMB also "develop[s] and maintain[s] its own proprietary business models for client contact, outreach, project evaluation, and project development."  *Id.*

Kimberly and Christopher Atteberry are married.  *Id.* ¶ 15.  Together, they established Vermilion Consulting, LLC.  *Id.* ¶ 4; Mot. Stay ¶ 1, ECF No. 25.  Kimberly began working for CMB on July 18, 2011, first as an independent contractor, and then as a full-time vice president beginning November 14, 2012.  Compl. ¶ 11–12.  CMB's owner, Pat Hogan, hired Christopher on August 27, 2012, to work within his auction business, Rock Island Auction.  *Id.*  On February 26, 2013, Kimberly resigned from CMB in an email to Hogan, *id.* ¶ 17, and Christopher provided notice of his resignation from Rock Island Auction, Mot. Stay ¶ 3.  CMB alleges that both Kimberly and Christopher removed significant amounts of CMB's confidential, proprietary, and privileged information prior to resigning, and are using the information to further Vermilion's business.  Compl. ¶ 19–21.

CMB contacted the Rock Island Police Department when it discovered the alleged removal of information.  *Id.* ¶ 22; Mot. Stay ¶ 6.  Officers executed a search warrant at the Atteberrys' residence on March 4, 2013.  Mot. Stay ¶ 7.  They seized four computers, an iPad,

two iPhones, a briefcase, a DVD player, and files and documents. *Id.* Defendants state that the seized materials were shown to CMB representatives, and that a CMB representative was permitted to take photographs of the materials. *Id.* ¶ 8.

The parties agree that the FBI executed search warrants on April 4, 2013, to obtain from the Rock Island Police Department the materials seized from the Atteberrys' residence. Mot. Stay ¶ 14; Opp. Stay 3, ECF No. 15. Defendants state that on October 30, 2013, and again on February 18, 2014, the U.S. Attorney's Office for the Central District of Illinois "confirmed the existence of [an] open federal criminal investigation" with respect to Kimberly and Christopher into the "issues which gave rise to the federal search warrants." Mot. Stay ¶ 20–21.

CMB filed its five-count Complaint in this case on June 14, 2013. ECF No. 1. On November 5, 2013, Defendants filed under seal a Motion to Stay the Proceedings. Following the Court's February 13, 2014 Order, ECF No. 24, denying Defendants' Motion to Seal, ECF No. 12, Defendants filed an amended Motion to Stay, ECF No. 25, on February 25, 2014. CMB renewed its Opposition to the Motion to Stay, ECF No. 15, in a Response filed on March 14, 2014, ECF No. 27. CMB also moved to strike or consolidate Defendants' amended Motion to Stay. Mot. Strike, ECF No. 26.

## DISCUSSION

Defendants argue that a stay is necessary because they "find themselves in a position wherein they will suffer unfair prejudice and tactical disadvantage in both civil and criminal arenas." Mot. Stay ¶ 22. They theorize that the federal criminal investigation has been "initiated and orchestrated by Plaintiffs," *id.* at 1, and claim that "[a]bsent a stay, Kimberly and Christopher will be forced to choose between defending against this civil case or compromising

their constitutional protections under the Fifth Amendment and otherwise in connection with the

ongoing criminal matter," *id.* ¶ 22.  Defendants request that this case be stayed "until the

criminal investigation is concluded, a prosecutive decision rendered by the U.S. Attorney's

Office, and criminal proceedings, if any were to be filed, are put to rest." *Id.* ¶ 22.

## I.  Legal Framework

A court's broad discretion in deciding whether to stay proceedings stems from its power

to "control the disposition of the causes on its docket with economy of time and effort for itself,

for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton

v. Jones*, 520 U.S. 681, 706–07 (1997).  Granting of a stay "is the exception, not the rule, and the

party seeking the stay has the burden of demonstrating it is necessary." *Hollinger Int'l, Inc. v.

Hollinger Inc.*, No. 04 C 698, 2005 U.S. Dist. LEXIS 14437, at *8 (N.D. Ill. July 15, 2005).  A

stay is appropriate in "special circumstances" when there is a need to avoid substantial and

irreparable prejudice.  *United States v. Certain Real Property, Commonly known as 6250 Ledge

Road, Egg Harbor, Wis.*, 943 F.2d 721, 729 (7th Cir.1991).  For example, the interest of justice

may require a stay when a defendant in a civil suit is also a defendant in parallel criminal

proceedings; the pendency of a parallel criminal action may force the defendant to choose

between preserving his or her privilege against self-incrimination and losing the civil suit.[1]

*Chagolla v. City of Chicago*, 529 F. Supp. 2d 941, 945 (N.D. Ill. 2008).  The fact that the

defendant faces this choice does not automatically entitle him or her to a stay of the civil case,

however, and the mere existence of the criminal proceeding does not, by itself, undercut his or

---

[1]Vermilion, as an organization, has no right under the 5th Amendment against self-incrimination.  *See United States v. White*, 322 U.S. 694, 699 (1944) ("[T]he privilege against self-incrimination is a purely personal one, [thus] it cannot be used by or on behalf of any organization . . . .").

her privilege against self-incrimination. *Id.* When a party to a civil suit moves to stay the proceeding because of an existing or impending criminal action, a court will consider a non-exclusive list of six factors:

(1) whether both actions involve the same subject matter;

(2) whether both actions are brought by the government;

(3) the procedural posture of the criminal proceeding;

(4) the public interests;

(5) the plaintiff's interests and possible prejudice to the plaintiff; and

(6) any burden that the proceedings may impose on the defendant.

*See, e.g., Doe v. City of Chicago*, 360 F. Supp. 2d 880, 881 (N.D. Ill. 2005); *Chagolla,* 529 F. Supp. 2d at 945 (citing *Cruz v. Cnty. of DuPage*, No. 96 C 7170, 1997 WL 370194, at *2 (N.D. Ill. June 27, 1997)).

**II. Analysis**

Each of the six factors are separately analyzed below, and on balance, a stay is clearly inappropriate in this case. The procedural posture of the criminal proceedings is the most significant factor because it influences almost all of the others; like a bowling ball on a trampoline, everything else rolls its way. The procedural posture weighs heavily against a stay because the "criminal proceedings" are essentially pre-existent: no criminal charges have been filed against any of the Defendants, and since the execution of the federal search warrants on April 4, 2013, it appears that no other visible actions have been taken in the investigation.[2]

---

[2] For example, Defendants do not allege that Kimberly or Christopher have been interviewed by law enforcement.

### A. Same Subject Matter

Defendants argue that these proceedings involve the same subject matter that the potential criminal case would cover. Mot. Stay ¶ 32 ("[F]rom what Kimberly and Christopher have been able to confirm, the civil and potential criminal matters here allegedly involve the same claims, people, time period, locations, equipment, topics, and law enforcement actions."). CMB concedes that the present suit and potential criminal case "may involve many of the same documents and stolen information," but argues that the civil causes of action are sufficiently dissimilar from possible criminal charges. Opp. Stay 5. The Court finds that this factor weighs in favor of a stay. There is apparent overlap in that each case is likely to share a common nucleus of operative facts, because each would relate to Defendants' alleged misconduct toward CMB. However, without knowledge of what, if any, criminal charges will be brought, any other conclusions would be speculative.

### B. Government Involvement

If the governmental entity that initiated the parallel criminal prosecution or investigation is a party in the civil case, it raises a concern that the government will use civil discovery to obtain information for its criminal proceedings. *Cruz*, 1997 WL 370194, at *2. The government is not a party to this suit. Further, Defendants offer paltry support for their accusation that CMB and the government are colluding, so that argument is unavailing. This factor weighs against a stay.

### C. Posture of Criminal Proceedings

A stay is disfavored where defendants are under the mere threat of criminal charges. *See, e.g.*, *Chagolla*, 529 F. Supp. 2d at 946 (citing *Cruz*, 1997 WL 370194, at *3); *see also Hollinger*,

2005 U.S. Dist. LEXIS 14437, at *11 ("In analyzing the status of the criminal case, the most significant issue is whether the investigation has ripened into an indictment."). Before a criminal case has actually commenced against a defendant, the potential burden on his or her Fifth Amendment rights is more speculative. *See Hollinger*, 2005 U.S. Dist. LEXIS 14437, at *11–15 (collecting cases in this and other Circuits). Second, because the charges may never be filed, the duration of the stay would be indefinite. *See, e.g.*, *Bank of Am. v. Veluchamy*, No. 09 C 5109, 2010 WL 1693108, at *4 (N.D. Ill. Apr. 26, 2010) ("The law does not support such an open-ended stay."). Here, as explained above, no charges have been filed against Defendants. It is unreasonable for the Court to stay these proceedings until Defendants' criminal matter is resolved. This factor weighs against a stay.

### D. Public Interest

The public has an interest in prompt disposition of civil litigation, and a stay impairs that interest. *See Chagolla*, 529 F. Supp. 2d 941, 946–47. The public has a countervailing interest, however, in "ensuring that the criminal process can proceed untainted by civil litigation." *Id.* at 947. Ultimately, where, as here, criminal proceedings are a mere possibility, the public interest will be best served by preserving the interest that is actually implicated over the speculative one. The public interest, therefore, weighs against a stay.

### E. Plaintiffs' Interest

In general, plaintiffs have a strong interest in proceeding expeditiously with their suits. *See Challoga*, 529 F. Supp. 2d at 947 (explaining that a plaintiff has a significant interest in resolving his or her claims and in receiving whatever compensation he or she may ultimately prove is merited). This interest is especially strong here because CMB alleges that Defendants'

misconduct is ongoing.  Therefore, the Court finds that to impose a stay because of a criminal investigation that *may* ripen into future proceedings would unfairly prejudice CMB.  This factor weighs against a stay.

### F.     Defendants' Interest

Defendants argue that they must choose between exercising their Fifth Amendment rights and properly defending themselves in this case.  But in some respects, this argument presents a false dichotomy.  Defendants do not explain, for example, why they cannot participate in this case while also selectively invoking their Fifth Amendment right against self-incrimination to specific questions during discovery as necessary.  It is not unconstitutional to force a litigant to choose between invoking the Fifth Amendment in a civil case, risking a loss there, and providing answers, risking subsequent criminal prosecution.  *Cruz*, 1997 WL 370194, at *1.  Here, moreover, because no criminal charges have been filed, Defendants' Fifth Amendment concerns are speculative in nature, scope, and timing.  The potential burden Defendants face is significantly outweighed by the actual burden facing CMB.   This factor, therefore, weighs only slightly in favor of a stay.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay Proceedings, ECF No. 25, is DENIED.  At this time, the Court also enforces its February 13, 2014 Order denying Defendants' Motion to Seal and directs the Clerk to unseal ECF Nos. 14, 15, 19, and 20.  ECF No. 24. Defendants' sealed Motion to Stay, ECF No. 23, and Plaintiffs' Motion to Strike or Consolidate, ECF No. 26, are MOOT.

Entered this 20th day of August, 2014.

_____
s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
