E-FILED
Monday, 26 June, 2017 03:48:18 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| CMB EXPORT, LLC, CMB SUMMIT, LLC, d/b/a CMB REGIONAL CENTERS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:13-cv-04051-SLD-JEH |
| KIMBERLY ATTEBERRY, CHRISTOPHER ATTEBERRY, and VERMILLION CONSULTING, LLC, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Before the Court are Plaintiffs' CMB Export LLC's and CMB Summit LLC's (collectively, "CMB") motion to certify the Court's September 29, 2016 Order for interlocutory appeal, ECF No. 102; and its motion seeking leave to reply to Defendants' response, ECF No. 106. For the reasons that follow, both motions are DENIED.

## BACKGROUND

The Court has already detailed, in the Order at issue in the instant motion, the factual background of this case, Sept. 29, 2016 Order 1–8, ECF No. 1, and will not repeat that account here. Generally, the case concerns the efforts of CMB, which helps foreign nationals invest money in order to qualify for EB-5 visas, to recover against a former employee who, it asserts, sabotaged its business and left with proprietary client lists and other information she was not entitled to take. *See* Compl. ¶¶ 1–32, ECF No. 1.

The September 29, 2016 Order affirmed the magistrate judge's discovery ruling as to materials of which CMB sought discovery. CMB had argued that its erstwhile employee, Defendant Kimberly Atteberry, who started her own EB-5 visa consulting firm, Defendant Vermillion Consulting, LLC ("Vermillion"), had shared various forms of proprietary information with third-party competitors of CMB after she left, and that because evidence of this sharing would support CMB's claims against Defendants, CMB should be permitted broad discovery of documents Atteberry and Vermillion had shared with the third-party competitors. *See* CMB Mot. Compel Discovery, ECF No. 56. The magistrate judge initially granted CMB's motion to compel discovery of the contested documents, Jul. 27, 2015 Minute Entry, ECF No. 63, but after Defendants filed a motion for reconsideration, ECF No. 66, and after several of the third parties specially appeared seeking to protect assertedly private communications they had had with Defendants, ECF Nos. 67, 71, the magistrate judge altered his earlier ruling. He did so

> to this extent . . . That, as it relates to these third parties, discovery that the plaintiff seeks from the defendant . . . they must make a specific showing through motion with the courts—specific—as to how the discovery sought relates to their claim in this case as to a stolen trade secret.
>
> So, I need specifics. You have got to . . . link it up to some evidence that you have that is going to give the Court a basis to believe that the information you seek is more than a fishing expedition because right now what this looks like is a long-line fishing expedition of grand order.

Oct 20, 2015 Tr. 50, ECF No. 87.

CMB's objection to that ruling made plain its quandary: having evidently turned up no incriminating material in any other documents Defendants produced in the course of discovery, it now had "nowhere else to go to discover Atteberry's and Vermillion's documents." Mem. Supp. Obj. 5, ECF No. 85. But the Court was unpersuaded. It noted that Federal Rule of Civil Procedure 26(b)(1) authorizes discovery of information relevant to claims or defenses, but that

2

such discovery must be "proportional to the needs of the case, considering . . . the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Sept. 29, 2016 Order 11. The Court decided that the magistrate judge had appropriately balanced the interest of the third parties and Vermillion/Atteberry against CMB's need for discovery by requiring that, as to any request for documents that Defendants or third parties claimed to be confidential, CMB would have to point to specific facts that gave it reason to think discovery would prove fruitful. *Id.* at 10–11. The Court held that this ruling was, at the least, not clearly erroneous, *id.* at 10, and declined to disturb it, *id.* at 11. The Court also distinguished the scenario from *Gotham Holdings, LP v. Health Grades, Inc.*, 580 F.3d 664 (7th Cir. 2009), in which the Seventh Circuit held that Rule 26 trumped a contractual privacy agreement as to a specific document of which one party to litigation sought discovery. In CMB's case, the Court explained, the magistrate judge had appropriately required a threshold showing of relevance as to a certain class of documents before he would grant discovery, rather than allowing a litigant's right to discovery under the Federal Rules of Civil Procedure to be barred by a private contract, as had happened at the district court in *Gotham Holdings*. Sept. 29, 2016 Order 11–12.

## DISCUSSION

### I. Legal Standard on a Motion for Certification of Interlocutory Appeal

Ordinarily, a district court's orders that do not terminate an action or otherwise give rise to a final, appealable judgment are not immediately appealable. *See Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994) (describing "the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered" (citation

omitted)). These non-final orders are termed interlocutory orders. Certain kinds of interlocutory orders, however, may be appealed immediately, like injunctions, 28 U.S.C. § 1292(a)(1), and a district judge may also certify other interlocutory orders for immediate appeal when she "shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," *id.* § 1292(b). Thus, "[t]here are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000). A party seeking immediate appeal of an interlocutory order "bears a heavy burden, as only 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment.'" *City of Joliet v. Mid-City Nat. Bank*, No. 05 C 6746, 2008 WL 4889038, at *1 (N.D. Ill. June 13, 2008) (quoting *Fisons Limited v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972)).

**II. Analysis**

CMB argues that there is a controlling question of law, Mem. Supp. Mot. Certify 3–4, ECF No. 103; that there is substantial ground for difference of opinion, *id.* at 4–5; and that certification would materially advance the ultimate termination of the litigation, *id.* at 5–6. Defendants respond that there is no controlling question of law presented, Resp. Mot. Certify 2–4; that there is not substantial ground for disagreement because the law is clear, *id.* at 4–6; and that CMB's other offered ground for interlocutory appeal are inapposite, *id.* at 6–10.

The Court need proceed no further than CMB's first argument, however, because CMB does not raise a question of law. *See Ahrenholz,* 219 F.3d at 676 ("The [§ 1292(b) factors] are

4

conjunctive, not disjunctive."). While the criteria of § 1292(b) "are not as crystalline as they might be," *id.*, the rule is clear: a question of law is a question about "the meaning of a statutory or constitutional provision, regulation, or common law doctrine," *id.*, rather than merely a question about whether a party has met a burden prescribed by established law, or made a showing required by a longstanding and settled rule. *See Malbrough v. Crown Equip. Corp.*, 392 F.3d 135, 136 (5th Cir. 2004) (holding that denial of a defendant's motion for summary judgment because plaintiff had shown genuine issue of material fact did not present a pure question of law); *Ahrenholz*, 219 F.3d at 676–77 (same); *cf. In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 626 (7th Cir. 2010) (holding that denial of motion to dismiss under the then-recently announced *Twombly* pleading standard presented a question of law for interlocutory appeal, but noting that application of "well-settled legal standards" to alleged facts at the pleading stage would not). Only if a question arises as to whether such a burden has been met or showing made *because of* an uncertainty about the meaning of the rule applied does a party seeking interlocutory appeal successfully address himself to a "question of law." *See, e.g.*, *Boim v. Quranic Literacy Inst. & Holy Land Found. For Relief And Dev.*, 291 F.3d 1000, 1007 (7th Cir. 2002) (agreeing with district court that denial of a motion to dismiss was appropriate for interlocutory review where, inter alia, the denial rested on the court's legal determination that 18 U.S.C. §§ 2332 and 2333 created a cause of action for aiding and abetting terrorism). Otherwise, appeals courts are presented not with the "abstract question of law, timely sought," *Ahrenholz*, 219 F.3d at 677, that they are well suited to decide and that § 1292(b) refers to them, but with a question that requires them to "hunt[] though the record," *id.*, in an attempt to recompile the district court's basis for making a fact-bound ruling.

Here, CMB merely received an adverse discovery ruling on the basis of a standard—the keystone federal rule for discovery rulings—that is beyond settled. The magistrate judge applied Rule 26(b)(1) to determine that CMB had not made a showing of relevance sufficient to overcome the other factors involved in the discoverability determination (most relevantly, the burden and expense of proposed discovery). There is no question about what the rule means; just about its application here, with which CMB of course disagrees. CMB tries to reframe the simple application of the standard as a question of law by stating that the question presented is "the question of what level of evidence does a trade secret plaintiff needs to show before it's allowed to obtain information from a party opponent and third party competitors, in order to determine what proprietary information was taken or used by that trade secret defendant." Mem. Supp. Mot. Certify Appeal 1. The phrasing of the question reveals its dependence on the facts of this case rather than the rule of civil procedure. The magistrate judge determined "what level of evidence" was needed (his answer: some). There is no question about what Rule 26(b)(1)'s requirement that discovery sought be "proportional to the needs of the case" means, or how the court's exercise of discretion is conditioned by the factors thereafter enumerated (the importance of the issues, amount in controversy, etc.). Indeed, what CMB seeks is a review of the magistrate judge's exercise of his discretion—a review which the district judge has already supplied, *see* Sept. 29, 2016 Order, but which is not further available from the court of appeals in plenary fashion until the entry of a final judgment. Because CMB can identify no question of law, it must wait for a final judgment to obtain appellate review.

## CONCLUSION

Accordingly, Plaintiffs' motion to certify the Court's September 29, 2016 Order for interlocutory appeal, ECF No. 102, and its motion seeking leave to reply to Defendants'

6

response, ECF No. 106, are DENIED.

.

    Entered this 26th day of June, 2017.

                                                                      s/ Sara Darrow  
                                                                       SARA DARROW  
                                                       UNITED STATES DISTRICT JUDGE