E-FILED
Friday, 09 February, 2018 04:40:34 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS (Rock Island)

| | | |
|---|---|---|
| CMB EXPORT, LLC, CMB SUMMIT, LLC d/b/a CMB REGIONAL CENTERS,<br><br>Plaintiffs,<br><br>vs.<br><br>KIMBERLY ATTEBERRY, CHRISTOPHER ATTEBERRY and VERMILION CONSULTING, LLC,<br><br>Defendants. | ) | Law No. 4:13-cv-04051-SLD-JEH |

**DEFENDANTS' REVISED MOTION TO UNSEAL SEARCH WARRANT**

Defendants Kimberly Atteberry, Christopher Atteberry, and Vermilion Consulting, LLC, by and through their attorneys, Lane & Waterman LLP, for their Revised Motion to Unseal the Search Warrant and Supporting Documents, state as follows:

On or about March 4, 2013, the Rock Island Police Department served a warrant and seized certain items from the then residence of the Defendants located at 1620 – 21st Street, Rock Island, Illinois.

On March 21, 2013, counsel for the Defendants appeared in the Circuit Court of the 14th Judicial Circuit in Rock Island County, Illinois, requesting return of the Defendants' computers, iPad, iPhones, and a DVD player seized from their residence. The Circuit Court gave the Rock Island State's Attorney until April 4, 2013 to return said electronic items to the Defendants.

Prior to April 4, 2013, the Federal Bureau of Investigation opened an investigation and executed its own search warrant removing the property from the Rock Island

Police Department so it was no longer within the possession of the Rock Island State's Attorney on April 4, 2013.

In the spring of 2017, the U.S. Attorneys' Office informed the Defendants' counsel that it would not be pursuing an investigation of the Defendants and took the steps necessary to eventually return said property to the Defendants.

The common law recognizes a “general right to inspect and copy public records and documents, including judicial records and documents.” *Nixon v Warner Communications, Inc.* 435 U.S. 589, 597, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978). While such a right is not absolute, “it is difficult to distill from the relatively few judicial decisions a comprehensive definition of what is referred to as the common – law right of access or to identify all of the factors to be weighted and determining whether access is appropriate.” *Nixon*, 435 U.S. at 597, 98 S.Ct. at 1312, 55 L.Ed.570. The cases that have recognized such a right agree that the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case. *See Id*. The Defendants believe that since there is a general right, this at least implies the presumption is in favor of unsealing a warrant. *See Id*; *See also U.S. v Sealed Search Warrants* 868 F.3d 385, 394 (5th Cir.207).

Cases addressing the issue of unsealing a search warrant and supporting affidavits appear limited to pre-indictment motions by a criminal defendant. That is obviously not the case here, and it would seem the presumption to unseal is even stronger where no criminal action is pending. The Atteberry’s property was returned because law enforcement indicated they would not be pursuing an investigation.

In looking at three factors certain courts have weighed in making such a decision, they reflect a concern regarding the risks of allowing warrant proceedings and pre-indictment warrant materials to be made public:

1. Those under investigation could destroy evidence, coordinate their stories before testifying, or even flee the jurisdiction;

2. Those who provided testimony in support of warrants' issuance might be placed in danger or chilled from providing this testimony in the first place; and

3. Those named in the warrant may never be charged with a crime, but publicizing warrant materials could tarnish their reputations in the public view and leave them without a form in which to exonerate themselves.

See *U.S. v Sealed Search Warrants*, 868 F.3d 385, 391-92 (5th Cir. 2017).

In exercising its discretion, after considering the presumption of access, the Court is required to consider the potential adverse consequences of granting immediate access to the warrant affidavits. *See In re EyeCare Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996). But again, it should be taken into consideration that *EyeCare* was a case addressing grand jury proceedings, not a search warrant in a matter where no investigation was ongoing.

Applying the three criteria noted above, it would appear unsealing is appropriate here because:

1. (a) The Atteberrys are not under investigation and the evidence involved has already been preserved; (b) The Atteberrys' testimony was obtained at their depositions so providing the warrants will not "permit them to coordinate their stories;" and (c) There does not appear to be any serious concern they will "flee the jurisdiction" because of what is contained in the search warrant;

2. The identity of the person speaking with the FBI has already been established; Mr. Schwigen testified as such at his deposition (see pages 54-57 of transcript attached here as Exhibit A); and

3. The Atteberrys were never charged with a crime, and while it is their reputation at issue in this matter, they are the ones requesting release of the information.

See *U.S. v Sealed Search Warrants*, 868 F.3d at 391-92.

## CONCLUSION

The warrant was executed almost five years ago and the Defendants have been informed that no further action is contemplated by the Government so there appears to be no reason to prevent the Defendants from inspecting the documents in questions. *See Id*.

WHEREFORE, the Defendants request this Court enter an Order unsealing the warrant and all supporting documents.

LANE & WATERMAN LLP

/s/ *Robert B. McMonagle*

Robert B. McMonagle
Jason J. O'Rourke
Andrea D. Mason
220 N. Main Street, Suite 600
Davenport, IA 52801-1987
Telephone: (563) 324-3246
Facsimile: (563) 324-1616
Email: rmcmonagle@l-wlaw.com
Email: jorourke@l-wlaw.com
Email: amason@l-wlaw.com

ATTORNEYS FOR DEFENDANTS

Copy to:

John J. Michels, Jr.
Judith S. Sherwin
Lauren L. Bever
Darrick J. Hooker
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street, Suite 300
Chicago, IL 60661
Phone: (312) 345-1718
Fax: (312) 345-1717
John.michels@lewisbrisbois.com
Judith.sherwin@lewisbrisbois.com
Lauren.Bever@lewisbrisbois.com
Darrick.hooker@lewisbrisbois.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I, Robert B. McMonagle, certify that the foregoing document has been served electronically through the CM/ECF System of the United States District Court of the Central District of Illinois on February 9, 2018.

____*/s/ Robert B. McMonagle*_____
Robert B. McMonagle